## STATE EX REL. GILLIS v. JOHNSON, COUNTY CLERK OF SILVER BOW COUNTY.

[Submitted October 21, 1896. Decided October 22, 1896.]

ELECTIONS—*Conventions*—*Contending factions.*—Where the regularly elected delegates to a republican county convention upon assembling were unable to agree on an organization, whereupon a portion of the delegates withdrew and assembling at another place, nominated a county ticket and adopted the name of the Silver Republican party, but without any intention of forming a new party, but for the purpose of designating the party for and as a principle only, and to prevent confusion in the identity of the two tickets the court will not interfere at the instance of one faction to restrain the county clerk from placing on the official ballot the ticket nominated by the other faction. Such a contention in the ranks of regularly elected delegates will be left to the electors to determine.

ORIGINAL PROCEEDING. Petition for an injunction. Writ denied.

*F. T. McBride, L. J. Hamilton* and *J. F. Forbis,* for Relator.

*Thompson Campbel',* for Respondent.

PER CURIAM.—It appears in this action that the regularly elected delegates to the county Republican convention of Silver Bow county assembled pursuant to regular call, but were unable to agree on an organization, the disagreement arising when the secretary of the Republican committee attempted to call the convention to order. Confusion reigned and some violence is alleged to have occurred in the Auditorium where the delegates were gathered. Thereupon, and it is averred by reason of these acts of violence and other wrongs, certain delegates withdrew and assembled at another place, still acting it is claimed under the regular call. At this other place these delegates organized into what is claimed to be a convention, nominated a full county ticket and adopted a name, to-wit: the Silver Republican party, but it is averred with "no purpose of forming a new or other party and for the sole and only purpose of designating the party as the Silver Republican party for and as a principle only; and for the purpose further, there being another ticket nominated under the name Repub-

lican party, to designate for the information and knowledge of the electors of the state of Montana that no mistake might be made, and that there should be no confusion in the identity of the two tickets."

. Meantime the delegates who remained at the Auditorium organized and they too proceeded in convention to nominate a county ticket.    We are now asked by the petitioner Gillis, who is chairman of the Republican central committee of Silver Bow county, to enjoin the county clerk from placing on the official ballot the names of those persons certified as nominated by the Silver Republican convention.    No question of the right of the delegates who assembled under the call to organize a convention is presented in this case.    The question is simply one of the relative rights of rival factions within · the ranks of the regularly elected delegates.    Such a contention under all the facts of the case it is well to leave to the electors to determine.    They cannot well be misled because the names of the two factions should appear under different names on the ballot, and each faction will appear but once.

At all events we shall follow the rule laid down in *Phelps* v. *Piper* (Neb.) 67 N. W. 755, and decline to interfere.

*The proceeding is dismissed.*