[No. 4282.]

PHILLIPS, COUNTY CLERK OF LAKE COUNTY v. CURLEY
ET AL.

1. ELECTIONS—NOMINATIONS—PROTEST—PARTY NAME—DISQUALIFICA-
   TION OF JUDGE

Where a list of nominations for county officers filed with the county
clerk was protested on the ground that the party name assumed was
an infringement on the name of another political party and tended to
deceive the voters, a district judge who had been nominated under the
same party name and the nomination filed with the secretary of state
was interested in the result and disqualified to try the cause, although
the judgment in the cause would not directly affect his own nomina-
tion, since it involved the determination of a question which if raised
in the proper tribunal would determine the validity of his own nomina-
tion on the ticket.

2. ELECTIONS—NOMINATIONS—PROTEST—PRACTICE.

Proceedings to protest the placing of nominations upon the official
ballots are summary and the formalities required in ordinary civil ac-
tions need not be strictly observed.

3. SAME—AUTHORITY OF PETITIONER.

In a proceeding to protest the placing of nominations upon the offi-
cial ballot, an objection that the petition failed to show the authority
of the petitioner to make the protest, if not raised before the county
clerk, cannot be raised on review.

4. SAME—DEFECT CURED.

In a proceeding to protest nominations, an objection that the peti-
tion fails to show the authority of the petitioner cannot be raised by
the respondent where his answer clearly raises the issue and evidence
is introduced establishing the authority.

5. ELECTIONS—PARTY NAMES.

A political party making nominations by convention or petition is
entitled to adopt any name it may see fit, provided it does not inter-
fere with the rights of another party which has previously adopted the
name, in whole or in part. If the name adopted tends to confuse or
mislead the adherents of any other party having the better right to
such name, it cannot be permitted. A political party will not be per-
mitted to adopt a name which merely qualifies the name of another
political party by adding to the name of such other party the name of
its candidate for president as "The Bryan Democratic Party."

*Upon Review from the District Court of Lake County.*

Mr. C. J. HUGHES, Jr., Mr. A. MOORE BERRY, Mr. JOHN M. MAXWELL and Mr. H. R. PENDERY for petitioner.

Mr. HARVEY RIDDELL for respondents.

*Per Curiam.*—The respondents in this case constitute a committee representing the persons who nominated a ticket for the county of Lake by petition, under the name of the "Bryan Democratic Party." William R. Duff filed with the county clerk and recorder a protest against this nomination. The Democratic party of Lake county, in regular convention, had theretofore nominated a county ticket under the name "Democratic." One ground upon which protestant relied to support his protest was that the designation "Bryan Democratic Party" tended to deceive the voters. This protest was sustained, and thereupon proceedings were had in the district court of Lake county to review the action of the county clerk and recorder in sustaining the protest. From a judgment sustaining the nomination by petition, the county clerk and recorder brings the cause here for review.

In the court below the petitioner here presented an application for a change of venue, or a request that some judge other than the regularly elected judge of the district court of Lake county should be called in to try the cause, for the reason that he was interested in the result of the action. The ground of this motion or request was based upon the fact that the judge who was about to try the cause was a candidate for judge of the district court of the fifth judicial district, which included the county of Lake, on the "Bryan Democratic Party" ticket, by petition filed with the secretary of state. The motion was overruled. The fact that the judge was a candidate upon the ticket, as alleged, is not controverted. His action, in assuming to try this cause under

this state of facts, is inexcusable. The main proposition upon which the protest was based was that the designation "Bryan Democratic Party" was one which would confuse the voters. While the judgment in this case would not directly affect the validity of the nomination of the judge under the name "Bryan Democratic Party," it did involve a determination of a question which, if raised in the proper tribunal, would determine the validity of his nomination on that ticket. If the nomination under the ticket designated "Bryan Democratic Party" for Lake county was invalid, for the reason assigned, the nomination filed with the secretary of state was also illegal. So that it is at once apparent that the judge was personally interested in the judgment which might be rendered. Whether, under such state of facts, he would have rendered a just judgment without respect to the effect upon himself, it is unnecessary to determine. Being interested, he was disqualified from trying the cause, and should have called in another judge or sent the cause to another district for trial. Ordinarily, this court, on account of the error committed by the trial judge in assuming to hear this cause, would remand it for a new trial; but the nature of the case is such that its disposition upon the merits should not be delayed, if, from the record before us, such a disposition can be made.

The point is made by the respondents that Mr. Duff, who filed the protest before the county clerk, had no authority to represent either the candidates upon the regular Democratic ticket of Lake county or the recognized officials of that party. An examination of the record discloses that this point is not well taken. It clearly appears that he was authorized by the proper representatives of the Democratic party in that county to file the protest.

It is also contended, on behalf of the respondents here, that the petition filed before the county clerk and recorder was insufficient in that it contained no averments from which

it could be inferred that the party filing it had authority so to do. The section of the election act relating to protests against nominations provides that the proceedings shall be summary, and for that reason the formalities which are required in ordinary civil actions need not be strictly observed. Further, this question was not raised before the county clerk, and cannot be argued for the first time on review. Besides, the respondents themselves tendered this issue by their petition, and on their own motion introduced evidence which clearly showed that Mr. Duff was authorized to file the protest before the county clerk and recorder.

The only other question necessary to determine is whether or not the name adopted by those filing the ticket in question is one which they are entitled to use in the coming election. It is designated "Bryan Democratic Party." The term employed to qualify the word "Democratic" is the name of the Democratic candidate for president. When used, as in this instance, in connection with a Democratic ticket, on the official ballot, in no manner qualified by any other name or term, the inquiry would naturally suggest itself to the popular mind, which of the two is the Democratic ticket? With the great interest manifested by Democrats in the election of Mr. Bryan, it is not at all improbable that many would be led to believe that "Bryan Democratic Party" meant the straight Democratic ticket, because of the relationship between the Democratic party and Mr. Bryan, the candidate of that party for president. At least, the inquiry would be suggested, what is the distinctive feature between the two— which must be voted in order to vote for Mr. Bayan? For these and many other reasons which might be advanced, it is clear that the name the "Bryan Democratic Party" will mislead the voters of Lake county. A party making a nomination by convention or petition is clearly entitled to adopt any name it may see fit, provided it does not interfere with the rights of another party which has previously adopted the

name, in whole or in part. If it tends to confuse or mislead the adherents of any other party having the better right to such name, it cannot be permitted. *Acker v. Smith*, 25 Colo. 461, relied upon by the court below, is not in point. The names considered in that case were not only dissimilar, but the surrounding conditions were entirely different.

In overruling the action of the county clerk, the court below was clearly wrong. It is therefore ordered that the judgment of the district court be, and the same is hereby, reversed and set aside. It is further ordered that the county clerk and recorder of Lake county exclude from the official ballot the ticket nominated by "The Bryan Democratic Party," involved in this action, and that an order issue direct to the clerk accordingly.

*Judgment Reversed.*

GODDARD, J., not participating.