STATE EX REL. LANNEN ET AL., RELATORS, v. ARMS,
RESPONDENT.

[No. 1624.]

[Submitted October 30, 1900. Decided November 1, 1900.]

*Elections — Injunctions.*

Application to the Supreme Court for injunction to restrain a county clerk from printing
upon the official ballot a ticket designated as the "Bryan Democratic" ticket. Facts
reviewed, and *Held,* that under the facts the relators were not entitled to the relief
sought.

ORIGINAL application by the state on the relation of Edward
Lannen and others, for an injunction to restrain Daniel Arms,
as county clerk and recorder of Granite county, from printing
upon the official ballot a ticket designated as the "Bryan Democratic" ticket. Dismissed

*Mr. T. J. Walsh,* for Relators.

*Mr. N. W. McConnell* and *Mr. J. B. Clayberg,* for
Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the Court.

Original application for injunction to restrain the defendant,
as clerk of Granite county, from printing upon the official
ballot a ticket designated as the "Bryan Democratic" ticket.
Under an order to show cause, the defendant appeared and
filed an answer admitting many of the allegations of the petition, but controverting others and setting up matters in
avoidance. To this relators interposed a general demurrer,
and upon the questions arising out of the facts thus admitted
the parties rested.

These admitted facts are: The county Democratic convention
under regular call of the central committee, assembled at the

court house in the city of Philipsburg on September 17, 1900, and after selecting delegates to the state convention to meet in Helena on the 19th, adjourned to October 1, at which time the relators Lannen and Lucas were selected as candidates for the legislature, and the other relators for the various county offices. A proper certificate of these nominations was filed with defendant. There were two factions in this convention, the points of difference between them growing out of charges by nineteen of the forty-three delegates composing it, that the majority faction was dominated by corporate influences which intermeddled in the administration of the affairs of the state. These nineteen delegates, being in the minority, withdrew from the convention of September 17, and, proceeding to the city hall, organized another convention. After appointing delegates to the state convention a central committee was selected. The convention adopted as its party designation "Bryan Democratic" and thereupon the persons selected as chairman and secretary of the central committee formulated an address to the "Bryan Democrats" of the county. In this address all who believed in the principles of the Kansas City platform of the Democratic party, and who were opposed to corporate control of county politics were invited to join with that faction at an adjourned meeting of the convention to be held at the opera house on October 2. Delegates were apportioned among the various precincts in the county, and all precincts not represented in the convention on that day were invited to send delegates. The convention then adjourned to October 2. In the meantime the call was duly published, and in pursuance thereof primaries were held in all save six small precincts in the county. When the convention assembled on October 2, full delegations were present from all precincts, except one entitled to one delegate, and five small precincts entitled to six delegates, not holding primaries, were represented by delegates who attended the first convention. The remaining fourteen of the nineteen bolting delegates attended as members of the delegations from the various precincts in which they were chosen under the regular call. The convention duly organized

and nominated candidates to the legislature and a full county ticket.

The defendant insists that the admitted facts present a case fairly within the principle of *State ex rel. Gillis* v. *Johnson,* 18 Mont. 556; and that, as no confusion can possibly arise from the presence of the ticket in question upon the ballot, the contention involved may well be left to the electors to decide. We are not inclined to extend the principle of this case to circumstances not identical with those presented therein. The situation presented in that case was anomalous and we are inclined to doubt its correctness, in view of conclusions reached in other cases decided at the present term (*State ex rel. Clarke* v. *Moran, ante*); but, whether correct or not, we do not think it applicable to the facts presented here. There the convention divided into two factions, and each acted without consulting the electors. In this case, the seceding faction, not content to act alone, proceeded to call to their aid representatives of all others in the county who were of like mind. It is true the call apparently excluded from the convention called for October 2, the electors in those precincts which were represented by the seceding delegates, yet as a matter of fact primaries were held in all the precincts in the county, except six, and these were entitled to only seven delegates. All, save one of these, were represented by the delegates to the former convention. Applying a strictly technical rule we would be compelled to say that the convention was not a representative body; for in so far as any of the electors were excluded from representation under the call, the convention, to that extent, was not representative; but adopting a less technical view, and bearing in mind that it is often the case in these political meetings that persons who happen to be present from localities that are unrepresented, are permitted to take part, we are inclined to think the assemblage was a fairly representative one, and that the ticket named by it is entitled to a place on the ballot. To state the proposition in a different way, we are not so well satisfied that the meeting was not a representative one so that the ticket should be omitted from

the ballot. We are more inclined to this view for the reason that it permits the people of a particular county to contest the control of their local affairs upon distinctive principles, which are often important but of local interest only, and do not concern, except in a very remote way, the public at large. There seems to be enough of a distinctive principle in the designation chosen for the ticket, as interpreted by the circumstances attending the factional strife, to warrant the conclusion that these differences were actual and substantial. In any event, we have concluded that under the facts stated the relators are not entitled to the relief sought. Accordingly the demurrer is overruled and the petition dismissed at the cost of the relators.

*Dismissed.*