## In re SOCIAL DEMOCRATIC PARTY.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. ELECTIONS—CERTIFICATE OF NOMINATION—PARTY NAME—RIGHT TO USE— DETERMINATION OF QUESTION—REVIEW—STATUTORY PROVISIONS—CONSTRUCTION.

Election Law, Laws 1896, c. 909, p. 922, § 56, provides that no political party can assume the same name as that of a party with established right to its use, and provides for the determination of the question first by the officer with whom the certificate of nomination is filed, and that any justice of the Supreme Court shall have summary jurisdiction, upon complaint of any citizen, to review the determination of such officer. By section 65 (page 930) a written objection may be filed to the use of a name in violation of said section 56. *Held*, that the right of review given by the statute is not confined to one filing objections to the party certificate of nomination.

2. SAME—BURDEN OF PROOF.

Where, under said law, appellant's objections to the certificate on the ground of the unauthorized use thereon of a party name were overruled by the Secretary of State, whose decision was sustained on review by a Supreme Court justice, appellant had the burden on appeal of showing that the Secretary of State erred in permitting the filing of the certificate.

3. SAME—PRIOR DETERMINATION—DENIAL OF APPEAL.

Before the return day of an order to show cause for a review of the determination of the Secretary of State, another person obtained an order to show cause for the review of the same determination, returnable be-

fore a different justice, who sustained the decision of the secretary. *Held,* that on the ground of this determination appellant's appeal was thereafter properly denied by the justice before whom the first order to show cause was returnable.

**4. SAME—SIMILARITY OF NAMES.**

Under Election Law, Laws 1896, c. 909, p. 922, § 56, providing that no political party had the right to assume a name "the same, or substantially the same," as that of a party with the right to its use established, the name "Social Democratic Party" is not substantially the same as the name "Democratic Party."

Appeal from Special Term, Albany County.

In the matter of objections to the original certificate of nomination by the Social Democratic Party, so called, of candidates for presidential electors and for governor and other state officers, to be voted for at the election to be held on November 8, 1904. Appeal by John S. McEwan from an order made at Special Term under Election Law, Laws 1896, c. 909, p. 922, § 56, dismissing his appeal from the decision of the Secretary of State. Affirmed.

See 91 N. Y. Supp. 941.

Upon October 5, 1905, there was filed in the office of the Secretary of State a certificate of nomination by the Social Democratic Party, so called, of candidates for presidential electors, for governor, and for other state officers, to be voted for at the general election to be held November 8, 1904. On the same day the appellant, McEwan, filed objections to said certificate, objecting to the use of the word "Democratic" as part of the party name in said certificate. A hearing was had by the Secretary of State upon said objections, and upon October 19, 1904, the Secretary of State handed down a decision overruling appellant's objections. Upon the same day, upon appellant's complaint, Mr. Justice Betts granted an order to show cause, returnable before him on October 22, 1904, for a review of such determination pursuant to the provisions of section 56 of the election law (Laws 1896, p. 922, c. 909). Meanwhile one James O'Neill, who had filed no objections whatever to the certificates of nomination, obtained from Justice Cochran an order to show cause, returnable before Justice Howard on October 20, 1904, for the review of the same determination. No formal notice was provided to be given to the objector, McEwan, although he was notified by telephone, and appeared before Justice Howard, and objected to his jurisdiction to review the proceeding while an appeal had been taken by him as objector, which was pending before Justice Betts. This objection was overruled by Justice Howard, who made a determination upon the 21st day of October sustaining the decision of the Secretary of State. Thereafter the matter came on upon the appellant's objection before Justice Betts, who denied the appeal of the appellant upon the ground that the matter had been once determined by Justice Howard. From this order of Justice Betts this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Neile F. Towner (John A. Stephens, of counsel), for appellant.
Hillquit & Hillquit (Morris Hillquit, of counsel), for respondent.

SMITH, J. By section 56 of the election law (chapter 909, p. 922, Laws 1896) it is provided, in substance, that no political party has the right to assume a name "the same or substantially the same" as that of a party with the right to its use established. By section 65 of that law a written objection may be filed to the use of a name which is claimed to be in violation of this rule. Such an objection

was duly filed by this appellant to the use of the name the "Social Democratic Party," as being so similar to the name the "Democratic Party" as that its use was unauthorized within the statute. Section 56 of the election law aforesaid provides for the determination of this question, first, by the officer with whom the certificate is filed, and then provides that "the Supreme Court or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction upon complaint of any citizen to review the determination and acts of such officer and to make such order in the premises as justice may require." The appellant first contends that the proceeding before Justice Howard was unauthorized, because made upon the complaint of one who had not filed an objection to the party certificate. But the right of appeal given by the statute seems to be given "to any citizen." Under such comprehensive language we would be unjustified in confining that right to one who had filed objections to the certificate. We are not unmindful of the complications that might arise from this interpretation of the statute. . Should we, by forced construction, interpret the statute as the appellant here contends that it should be interpreted, another year would find more objections to the certificate, and the same complications would be presented as are now presented by our holding that the right of review is given, as expressed in the statute, to "any citizen," whether or not such citizen originally filed objections to said certificate.

But to reverse this order the appellant has the further burden of showing that the Secretary of State erred in permitting the filing of the said party certificate. It is strenuously insisted that the name the "Social Democratic Party" is substantially the same as the name the "Democratic Party," and that therefore the certificate should not have been filed. This question, however, we deem foreclosed by authority. In the Matter of Greene, reported in 9 App. Div. 223, 41 N. Y. Supp. 177, it appeared that a party which had been theretofore known as the "Democratic Party Reform Organization" in October, 1896, filed certificates of nomination for national and state tickets under the name "National Democratic Party." This was objected to under the same provision of law under which the objection was filed in the case at bar on the ground that the name "National Demoratic Party" was substantially the same as the name "Democratic Party." The court there held that, notwithstanding the name was assumed in a year in which there was a national election, the names were not substantially the same, and that the Secretary of State properly filed the certificate of nomination under the name "National Democratic Party." This decision was affirmed in the Court of Appeals in 150 N. Y. 566, 44 N. E. 1124, without opinion. In the Appellate Division two judges dissented, arguing that, while the name "Independent Democratic Party" or "Reform Democratic Party" might not be substantially similar to the name "Democratic Party," nevertheless in a year where there was a national ticket the name "National Democratic Party" was substantially the same as the name "Democratic Party." It thus

appears by the decision as well as by the reasoning of the dissenting judges that the name "Social Democratic Party" cannot be held to be substantially the same as the name "Democratic Party." The argument of the appellant that such was not the real ground of the decision in the case cited is, we think, untenable.

We are therefore of opinion that this order must be sustained both upon the ground upon which it was placed by the learned justice at Special Term, and also upon the ground that the appeal has no substantial merit. Order affirmed, without costs. All concur.