In the Matter of the Objections to the Original Certificates of Nomination by the SOCIAL DEMOCRATIC PARTY, So Called, of Candidates for Presidential Electors and for Governor and Other State Officers, to Be Voted for at the Election to Be Held on November 8, 1904.

JOHN S. McEWAN, Appellant; THE SOCIAL DEMOCRATIC PARTY, Respondent.

*Election Law — the name " Social Democratic Party" is not substantially the same as " Democratic Party" — a citizen who has not filed an objection to the name may appeal to the court from the decision of the Secretary of State — when a citizen who did file an objection is concluded by the decision on the appeal taken by the citizen who did not.*

Under section 56 of the Election Law (Laws of 1896, chap. 909, as amd. by Laws of 1901, chap. 654), which provides that the determination of the question whether the name selected by a political party is the same or substantially the same as that of another political party, shall be made in the first instance by the person with whom the certificate of nomination is filed, and that "the Supreme Court or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction *upon complaint of any citizen* to review the determination and acts of such officer and to make such order in the premises as justice may require * * * ," the right to a judicial review thereby conferred may be invoked by any citizen, even though he did not file a written objection to the use of the name in question pursuant to section 65 of the Election Law.

If the right of appeal to the Supreme Court is invoked by a citizen who did file such a written objection and also by a citizen who did not file such an objection, and the question is first decided upon the last-mentioned appeal, the judge before whom the prior appeal is pending may properly refuse to again determine the question.

The name " Social Democratic Party " is not the same or substantially the same as the name " Democratic Party," within the meaning of section 56 of the Election Law.

APPEAL by John S. McEwan from an order made by a justice of the Supreme Court and entered in the office of the clerk of the county of Albany on the 4th day of November, 1904, denying the appellant's motion to review the determination of the Secretary of State in overruling his objections to the original certificates of nomination by the Social Democratic Party, filed in the office of the Secretary of State on the 5th day of October, 1904.

Upon October 5, 1904, there was filed in the office of the Secretary of State a certificate of nomination by the Social Democratic Party, so called, of candidates for presidential electors, for Governor, and for other State officers, to be voted for at the general election to be held November 8, 1904. On the same day the appellant McEwan filed objections to said certificate, objecting to the use of the word " Democratic" as part of the party name in said certificate. A hearing was had by the Secretary of State upon said objections, and upon October 19, 1904, the Secretary of State handed down a decision overruling appellant's objections. Upon the same day, upon appellant's complaint, Mr. Justice BETTS granted an order to show cause returnable before him on October 22, 1904, for a review of such determination pursuant to the provisions of section 56 of the Election Law. Meanwhile one James O'Neill, who had filed no objections whatever to the certificates of nomination, obtained from Mr. Justice COCHRANE an order to show cause returnable before Mr. Justice HOWARD on October 20, 1904, for the review of the same determination. No formal notice was provided to be given to the objector McEwan, although he was notified by telephone and appeared before Mr. Justice HOWARD and objected to his jurisdiction to review the proceeding, while an appeal had been taken by him as objector, which was pending before Mr. Justice BETTS. This objection was overruled by Mr. Justice HOWARD, who made a determination upon the twenty-first day of October sustaining the deci-

sion of the Secretary of State. Thereafter the matter came on upon the appellant's objection before Mr. Justice BETTS, who denied the appeal of the appellant upon the ground that the matter had been once determined by Mr. Justice HOWARD. From this order of Mr. Justice BETTS this appeal is taken.

*John A. Stephens* and *Neile F. Towner* for the appellant.

*Morris Hillquit,* for the respondent.

SMITH, J.:

By section 56 of the Election Law (Laws of 1896, chap. 909*) it is provided in substance that no political party has the right to assume a name "the same or substantially the same" as that of a party with the right to its use established. By section 65 of that law a written objection may be filed to the use of a name which is claimed to be in violation of this rule. Such an objection was duly filed by this appellant to the use of the name the "Social Democratic Party" as being so similar to the name the "Democratic Party" as that its use was unauthorized within the statute. Section 56 of the Election Law aforesaid provides for the determination of this question, *first*, by the officer with whom the certificate is filed, and then provides that "the Supreme Court or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction *upon complaint of any citizen* to review the determination and acts of such officer and to make such order in the premises as justice may require * * *." The appellant first contends that the proceeding before Mr. Justice HOWARD was unauthorized because made upon the complaint of one who had not filed an objection to the party certificate. But the right of appeal given by the statute seems to be given to "any citizen." Under such comprehensive language we would be unjustified in confining that right to one who had filed objections to the certificate. We are not unmindful of the complications that might arise from this interpretation of the statute. Should we by forced construction interpret the statute as the appellant here contends that it should be interpreted, another year would find more objections to

---

* See Laws of 1896, chap. 909, § 56, as amd. by Laws of 1901, chap. 654.— [REP.

the certificate, and the same complications would be presented as are now presented by our holding that the right of review is given as expressed in the statute to "any citizen" whether or not such citizen originally filed objections to said certificate.

But to reverse this order the appellant has the further burden of showing that the Secretary of State erred in permitting the filing of the said party certificate. It is strenuously insisted that the name "Social Democratic Party" is substantially the same as the name "Democratic Party," and that, therefore, the certificate should not have been filed. This question, however, we deem foreclosed by authority. In *Matter of Greene* (9 App. Div. 223) it appeared that a party which had been theretofore known as the "Democratic Party Reform Organization," in October, 1896, filed certificates of nomination for National and State tickets under the name "National Democratic Party." This was objected to under the same provision of law under which the objection was filed in the case at bar on the ground that the name "National Democratic Party" was substantially the same as the name "Democratic Party." The same party in October, 1896, nominated a candidate for the office of Member of Assembly for the first assembly district of Kings county and the same objection was filed with the board of elections of the city of Brooklyn. Said board determined that the political party name "National Democratic Party" was substantially the same name as the name "Democratic Party." The court there held that notwithstanding the name was assumed in a year in which there was a National election, the names were not substantially the same and that the board of elections erred in deciding that the political party name "National Democratic Party" was substantially the same name as the name "Democratic Party." This decision was affirmed in the Court of Appeals in 150 New York, 566, without opinion. In the Appellate Division two judges dissented, arguing, although using the name of the "Independent Republican" party for the name "Independent Democratic" party, that while the name "Independent Democratic Party" or "Reform Democratic Party" might not be substantially similar to the name "Democratic Party," nevertheless in a year when there was a National ticket the name "National Democratic Party" was substantially the same as the name "Democratic Party." It thus appears by the decision

as well as by the reasoning of the dissenting judges that the name "Social Democratic Party" cannot be held to be substantially the same as the name "Democratic Party." The argument of the appellant that such was not the real ground of the decision in the case cited is, we think, untenable.

We are, therefore, of opinion that this order must be sustained both upon the ground upon which it was placed by the learned justice at Special Term, and also upon the ground that the appeal has no substantial merit. Order affirmed, without costs.

All concurred.

Order affirmed, without costs.