[L. A. No. 1834.  In Bank—October 27, 1905.]

## JOHN S. PARTRIDGE, Petitioner, v. JAMES A. DEVOTO et al., Board of Election Commissioners of the City and County of San Francisco, Respondents.

ELECTIONS—NOMINATION BY CERTIFICATE OF VOTERS—USE OF PARTY NAMES—MISLEADING OF VOTERS—JUDICIAL NOTICE.—Under section 1188 of the Political Code a party name adopted by the certificate of voters must not be the same as that of any existing political party or so similar thereto that voters may be misled thereby. Where the name adopted is in some respects similar to that of a pre-existing party, the court, in determining whether it is liable to mislead the public, may consider matters of public and common knowledge such as the existence of the old parties and their respective names in common use, the recent formation of a new party known by the name adopted in the certificate, or the absence of any such organization, and from all these circumstances thus known may consider the probability of deception by the designation adopted.

ID.—INVALID NOMINATIONS—MISLEADING PARTY NAMES—REPETITIONS OF CONVENTION NOMINEES.—Nominations by different sets of voters by certificates which are the mere repetitions of names nominated by the convention of the "Union Labor Party," repeated under party names designated "Independent Republican Party" and "Independent Democratic Party," no previous party having been formed by either of those names and no differences or dissensions having arisen as to any political principle in the Republican party or Democratic party, both of which had made their regular nominations, may mislead voters and are invalid under section 1188 of the Political Code.

ID.—ORGANIZATION OF NEW PARTY—CHOICE OF DISTINCT NAME.—The organizers of a new party can always find a party designation which is wholly distinct from the name of an existing party; and when every legitimate purpose can be accomplished by the adoption of a name entirely distinct, and which can deceive no one, they are required, under a proper construction of the law, to select such name.  [Per Beatty, C. J., concurring.]

PETITION for Writ of Mandate against the Board of Election Commissioners of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Edward F. Treadwell, for Petitioner.

Thomas V. Cator, for Respondents.

SHAW, J.—This is an application for a writ of mandate commanding the board of election commissioners of San Francisco to prepare the sample ballot to be mailed to the voters of said city at the election to be held on November 7, 1905, and the voting-machines to be used at said election, by omitting from said ballots and from said voting-machines the names of certain persons nominated by two separate certificates by voters of the city, who designate themselves by the party designations "Independent Republican Party" and "Independent Democratic Party," respectively, and without any separate columns for the designation of such so-called parties, or the insertion of the names purporting to be nominated by said certificates. It appears that certain citizens filed with the board of election commissioners a certificate of nomination, naming as candidates for the respective offices to be filled at the coming election certain persons, and designating certain other persons to constitute a committee representing the signers of the certificate, as a political party by the name "Independent Republican Party," and that a similar certificate was signed by certain other persons appointing a committee, and designating themselves by the name "Independent Democratic Party," and that the board of election commissioners are about to print the ballots and prepare the voting-machines by inserting therein a column headed by the names of such parties, respectively, and containing the names of the candidates nominated in said certificates. Nominations had been previously made by regular conventions of the Republican and Democratic parties, respectively, and certified under the party names of "Republican Party" and "Democratic Party," respectively.

The code provides that in case of nominations made otherwise than by a convention, the persons signing the certificate may adopt a name to designate their organization as a political party, but that such name must not be the same as that of any existing political party, or so similar thereto that voters may be misled thereby. (Pol. Code, sec. 1188.) The decisions on the subject recognize the principle that where the name thus adopted is in some respects similar to that of a pre-existing party, a court, in determining whether or not the name is liable to mislead the public, may consider matters of public and common knowledge, such as the existence of

the old parties and their respective names in common use, the recent formation of a new party known by the name adopted in the certificate, or the absence of any such organization, and from all the circumstances thus known may consider the probability of deception by the designation adopted. (*In re Greene,* [9 App. Div. 223], 41 N. Y. Supp. 179; *Phillips* v. *Curley,* 28 Colo. 34, [62 Pac. 837].) It is obvious that if there has been no previous organization publicly known by the name selected, and the persons signing the certificate have not made any public avowal of any peculiar political principle or policy the adherence to which has moved them to join in the certificate, and the name selected is similar to that of another party, and has never been known in that vicinity as the name of any party or association of persons until made public by the filing of the certificate in question, the likelihood that the new name will mislead the heedless, indifferent, or uninformed voter is much greater than it would be in case of the selection of a name known to the public as that of an existing organization created to promote some principle or policy concerning which there had been some previous public discussion, and the candidates named are avowed advocates of that principle or policy. The courts have held that the names "National Democratic Party" (*Craig* v. *Brown,* 114 Cal. 480, [46 Pac. 870]; *In re Greene,* [9 App. Div. 223], 41 N. Y. Supp. 179), "Silver Republican Party" (*State* v. *Johnson,* 18 Mont. 556, [46 Pac. 440]), "Bryan Democratic Party" (*State* v. *Arms,* 24 Mont. 447, [63 Pac. 401]), and "Social Democratic Party" (*In re Social Democratic Party,* [105 App. Div. 243], 93 N. Y. Supp. 1023), are not misleading. But in each of these cases there had been a previous organization, well and publicly known by the name in question, which had been created and carried on for the purpose of advancing the peculiar political views and principles of its adherents, and which had been for a long time the subject of much discussion at public gatherings and in the public prints. In each of them also the candidates named were in the main different from those of any of the pre-existing parties. These party names were so well known that it was extremely unlikely that any voter could fail to perceive their significance or be misled thereby.

In the present case the existing circumstances and conditions are significantly different. There have been no differences or dissensions as to any political principle or policy within the Republican and Democratic parties, respectively, that have been publicly discussed or generally known, or that have caused factions known by descriptive titles. There has been no organization previously formed for·the furtherance of any such principle or policy, or for any purpose, or at all, and the respective names, "Independent Republican Party," and "Independent Democratic Party," have been hitherto unknown and unheard of as the names of any distinct political parties or otherwise. They were first presented to the public by the certificates of nomination here in controversy. To make the distinctive names adopted still more meaningless of themselves as the names of distinct parties, the two certificates in question respectively name the same persons as candidates for the respective offices, and those candidates are the same persons previously nominated for the same offices by a party known as the "Union Labor Party." The persons signing said certificates and adopting said supposed party names cannot claim to represent any body of delegates who participated in the conventions of the Democratic and the Republican parties, respectively, previously held, and who became dissatisfied with the action of their respective conventions concerning the nomination of candidates, nor the persons who voted for such delegates at the primaries; for neither such delegates, nor the persons who voted for them at the primaries, are permitted by law to join in the nomination of any other persons by the filing of certificates such as those in question. (Pol. Code, secs. 1188, 1189.) All these circumstances, of course, might be also considered upon the question of the good faith of the persons signing the certificate, if their good faith were in issue. But no charge of bad faith is made in terms, and, even if it is conceded that bad faith would be good cause for rejecting such certificates, we cannot consider the question in this proceeding. Our consideration of  these circumstances is confined to the subject of their bearing, if any, upon the question of the deceptive effect of the names adopted.

The purpose of the statutory provision concerning nominations by certificate is twofold. It is intended, in the first

place, to permit absolutely independent nominations of persons as candidates who have no political affiliations with any party, and who do not intend to form a party, but who become candidates for reasons personal to themselves or to those who sign the certificates. In the second place, it is intended to facilitate the formation of new political parties, enabling such an organization to get a place on the ballot, and if, at the ensuing election, it receives as much as three per cent of the total vote, it thereafter takes its place as a regular and recognized political party, entitled to nominate candidates by a convention. Under these circumstances it seems clear that the average voter, if at all susceptible to misleading influence, or ignorant of the origin of the certificates in question, as some may be supposed to be, would naturally believe that the party ticket thus designated was a ticket of the party to which he belonged, or of the opposite party known by a similar name; and it cannot be said that he would necessarily know that it was a distinct party from that designated by the same name without the qualifying adjective. There are voters of all degrees of intelligence, who exercise different degrees of care, circumspection, intelligence, or negligence, as the case may be. It is to the public interest, and it is the purpose of the particular proviso of the code which is here involved, to secure that end, that the ballot be so framed with respect to the ticket headings that even the most ignorant, heedless, or hasty voter shall not be unnecessarily misled in regard to the ticket for whose candidates he votes. It is obvious that the words used may have the effect of misleading voters. The nomination is therefore in violation of the proviso, and is not a legal designation of a political party, such as it is permitted to place upon the ballot. The certificates do not purport to be independent nominations, but are avowedly nominations by persons claiming to be organized as a party. For that purpose the certificates are invalid, and as they are not independent nominations, and as all the persons named therein are already on the ballot as candidates of the "Union Labor Party" for the respective offices, the attempted nominations by these certificates should be ignored.

For these reasons, we are of the opinion that the petition

should be granted, and the writ issued as prayed for; and it is so ordered.

Van Dyke, J., and McFarland, J., concurred.

BEATTY, C. J.—I concur in the judgment for the same reasons that induced my dissent from the judgment in the case of *Craig* v. *Brown*, 114 Cal. 481, [46 Pac. 870]. The organizers of a new party can always find a party designation which is wholly distinct from the name of an existing party. The name "Republican" or "Democratic," though qualified by an epithet, not only may, but inevitably must, deceive some of that class of voters whose protection is the avowed policy of the law, and when every legitimate purpose of the organizers of a new political party can be accomplished by the adoption of a name entirely distinct and which can deceive no one, they should be required, and under a proper construction of the law they are required, to select such a name.