VICENTE L. GIMÉNEZ, in his capacity of REGULAR MEMBER OF THE COMMONWEALTH BOARD OF ELECTIONS OF PUERTO RICO, representing therein the OPPOSITION AND RENEWAL PARTY, ETC., Petitioner, *v.* COMMONWEALTH BOARD OF ELECTIONS OF PUERTO RICO ET AL., Respondents.

No. 15.     Decided March 13, 1968.

*Jaime A. García Blanco* for petitioner. The Commonwealth Board of Elections of Puerto Rico appeared represented by *Mr. Ernesto Mieres Calimano,* General Supervisor of Elections.

DECISION OF MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ.

The regular member of the Opposition and Renewal Party in the Commonwealth Board of Elections appealed, under the provisions of § 13(d) of Act No. 8 of December 4, 1947 (16 L.P.R.A. § 19)—amendatory by addition of Act No. 79 of June 25, 1919, as amended, which is the Election Law—from a decision of the General Supervisor of Elections rendered February 9, 1968, pursuant to the provisions of paragraph 4 of § 12 of the aforesaid Act (16 L.P.R.A. § 13).

The aforesaid decision was adverse to the petition of the representative in the Board of the Opposition and Renewal Party to restore to said party—which at that time had acquired the status of a party by petition upon complying with the requirements of law to appear as such in the general election of 1968—the name People Party, with which it had appeared during most of its registration proceeding, and which name was rejected by resolution of the Board of August 22, 1967, before said political group was recognized as a party by petition because it believed that "People Party

is exactly the same as Popular Party because of the identical meaning of the word . . . ."[1]

In order to make feasible the recognition of said party the name of Opposition and Renewal Party was submitted instead of the name People Party. Once it was recognized and its regular and alternate members were appointed to the Board petitioner raised the contention formerly mentioned and which has given rise to this appeal.

The ground of the Opposition and Renewal Party is, in synthesis, that it is entitled to use the name People Party because the same had been admitted by the Supervisor himself during the registration proceeding and that said name is not in conflict in any manner whatsoever with the name Popular Democratic Party; that the use of both names cannot cause any confusion in the electorate and that the name People Party is not similar to, nor is pronounced nor sounds like that of Popular Democratic Party and that both names transmit to the public in general a different connotation and acception which cannot confuse the electorate, for which reason the use of said name is not prohibited by § 37 of the Election Law; § 42 not being applicable to the instant case.

The position of the Board, which appeared by brief through the General Supervisor of Elections—after making

---

[1] On August 25, 1967, in a letter addressed to the Chairman of the political group People Party, the General Supervisor of Elections stated as follows:

"In the ordinary meeting held by the Commonwealth Board of Elections on Tuesday August 22, 1967, it was brought to the consideration of the Board that the name of the political group called 'People Party' and which is in process of registration was in conflict with the name of the 'Popular Democratic Party', principal majority party in Puerto Rico and it violated the clear and final provisions of §§ 37 and 42 of the Election Law in force. The fact that the proposed insignia was in conflict with the law was also subject of discussion.

"After this matter was discussed at length, the Commonwealth Board of Elections agreed unanimously to reject the proposed name as well as the insignia which I inform you for your knowledge."

a recital of the registration proceeding of the Opposition and Renewal Party, and of the Board's determinations with respect to the use of the name People Party—is, in synthesis, that said name is *similar* to that of the Popular Democratic Party—which name belongs to the principal majority party and which the latter still claims and uses—for which reason the prohibition of § 37 of the Law is applicable insofar as it provides "No political group wishing to register a candidacy or to be constituted into a party by petition shall use or adopt . . . any name or emblem in whole or in part similar to a name or emblem previously used or adopted by another political party, if such other party still claims or uses such name or emblem . . .";[2] since *similar* is something "which resembles or is analogous to a thing," and *popular* means "of or relating to the people; of the people or of the plebs," for which reason the similarity between both names, People Party and Popular Democratic Party, is evident.

We summoned the parties to a hearing held Wednesday, the 6th of this month, petitioner having appeared through his attorney who explained his arguments, the appeal being submitted in the name of the Board on a brief filed by the Supervisor.

The arguments, both petitioner's and the Board's, were centered, in essence, on the definitions of the words *similar*,

---

[2] Section 42 of the Election Law contains moreover the following prohibition:

".        .        .        .        .        .        .

"No political party shall adopt as a name or emblem a name or emblem which has been previously used or adopted by another political party, either in whole or in part, if such other party still claims and uses such name or emblem. . . .

".        .        .        .        .        .        .

"The General Supervisor of Elections is hereby authorized and directed to refuse to accept any name or emblem of a political party presented for registration or filing in his office which violates the provisions of this section. . . ."

*people*, and *popular* in order to determine the scope of § 37 of the Election Law and to support their conclusions respectively, that the name People Party is similar to that of Popular Democratic Party, according to the Board, and could cause confusion on the electorate; and that it is not similar, according to petitioner, for which reason it could not cause such confusion.

A brief reference to the development and present state of the pertinent legislation, as well as of the fundamental rights involved, seems to us indispensable for a better understanding of the question raised and of the determination we will make thereof.

I

██ The right of the citizens to organize in groups of the same beliefs as political parties and to propose candidates of their choice to participate in the electoral procedure has its origin in the fundamental right of suffrage, which is consubstantial with the existence itself of a political democracy. *Dávila* v. *Sec. of State*, 83 P.R.R. 180 (1961). The essential equality in the regulation of that right is a *sine qua non* requirement for the validity of the electoral procedure. By legislative as well as jurisprudential expressions, the concept of legal right in various spheres of its exercise has been given to the sense of equality required for the adequate enjoyment of that fundamental civil and political right. The equal protection of the laws is manifested today, more than ever, as one of the leading values of highest hierarchy in the exercise of the electoral prerogative. *United States* v. *Classic*, 313 U.S. 299, 85 L.Ed. 1368; *Terry* v. *Adams*, 345 U.S. 461, 97 L.Ed. 1152; *Gomillion* v. *Lightfoot*, 364 U.S. 339, 5 L.Ed.2d 110; *Baker* v. *Carr*, 369 U.S. 186, 7 L.Ed.2d 663; *Gray* v. *Sanders*, 372 U.S. 368, 9 L.Ed.2d 821; *Wesberry* v. *Sanders*, 376 U.S. 1, 11 L.Ed.2d 481, among others. Civil Rights Act, 28 U.S.C. § 1343.

That principle of equality has been expressed since 1919 in § 4 of our Election Law, in the following words: "The elections shall be free and equal. . . ."

## II

The matter relative to the nomination of candidates by petition and to the registration of parties by petition is regulated by § 37 of the Election Law—No. 79 of June 25, 1919, as amended. At present, insofar as pertinent to the question herein involved, said section provides:

"In each such petition there shall be set forth the name of the political group which the petitioners represent and there shall be designated therein some simple device or emblem under which the names of such candidates shall be printed on the election ballots. No political group *wishing to register a candidacy or to be constituted into a party by petition* shall use or adopt in whole or in part a name or emblem previously used or adopted by any other political party, *or any name or emblem in whole or in part similar to a name or emblem previously used or adopted by another political party,* if such other party still claims or uses such name or emblem. Neither shall there be used or adopted any name, emblem or insignia whose use for election purposes is prohibited by law." (Italics ours.)

Section 42 of the Election Law itself, invoked also in the brief of the General Supervisor of Elections, as it governs at present, provides insofar as pertinent:

"The name and emblem used to distinguish *each of the principal political parties* on the election ballot shall be the same that were used by such party in the preceding election, *unless notice of a change in such name or emblem* is given to the General Supervisor of Elections on or before twelve o'clock noon on September five (5) of the year of the election in which it is to be used.

No political party *shall adopt as a name or emblem a name or emblem which has been previously used or adopted by another political party, either in whole or in part,* if such other party still claims and uses such name or emblem. . . ." (Italics ours.)

The difference between the text of both sections is evident: § 42 prohibits the adoption and use by a political party, as a name or emblem, *a name or emblem which has been previously used or adopted* by another political party, either in whole or in part, if such other political party still claims and uses such *name or emblem,* while § 37 prohibits—in addition to what § 42 prohibits—that a political group *wishing to register a candidacy or to be constituted into a party by petition* shall use or adopt any name or emblem *in whole or in part similar* to a name or emblem previously used by another political party, if such other party still claims or uses such name or emblem.

The prohibition contained in § 37 with respect to political groups wishing to be constituted into parties by petition, in including also a name or emblem *in whole or in part similar* to that of another political party, goes much farther than that contained in § 42 concerning any political party, the prohibition of which is textually limited *to the name or emblem* previously used or adopted by another political party, either in whole or in part, without it being extended, in the latter, to a name or emblem *in whole or in part similar* to that of another party.

A comparative study of the legislative history of §§ 37 and 42 concerning the prohibitions on the use of *names* of political parties from the time the Election Law was approved in 1919 helps us to form a clear idea on the purview and scope of each one of them.

*Act No. 79 of June 25, 1919*

Section 37—(Does not contain any prohibition as to the adoption or use of name or emblem by the parties by petition.)

Section 42—(4th Paragraph.) "The title or name of the parties shall not contain the same title *or derivations* of the name of another party previously registered." (Italics ours.)

(It is also provided that "no device shall be admitted which shall contain the same or like sign as contained in the device previously adopted by any other party.")

(It is also provided that "the device used to *distinguish* each of the parties on the ballot shall be the same as used by the parties at the previous election," unless a change is timely certified.)

*Amendments of Act No. 15 of May 12, 1920*

Section 37—(It does not contain any prohibition as to the adoption or use of name or emblem by the parties by petition.)

Section 42—(4th Paragraph.) "The title or name of a political party shall not be the same title or name, *nor any derivation of the same,* as that previously adopted *by one of the principal political parties,* or *by any other party,* which shall have previously filed its *petition* nominating candidates in the office of the Executive Secretary of Porto Rico." (Italics ours.)

(The previous provisions prohibiting the admission of devices with the same or a similar sign are kept in force as well as those dealing with the right of the political parties to use, to *distinguish* each other on the ballot, the same device used by them in the last preceding election, unless a change is timely certified.)

*Amendments of Act No. 74 of July 30, 1923*

Section 37—(It does not contain any prohibition as to adoption or use of name or emblem by the parties by petition.)

Section 42—(The fourth paragraph which contained the prohibition on title or name, or any derivation thereof was eliminated.)

*Amendment of Act No. 2 of June 18, 1924*

Section 37—The prohibition on adoption or use of name or emblem by a party by petition was included for the first time in this section in the following manner:

"*Provided,* however, That no political party which nominates candidates by petition shall use

or adopt in whole or in part a name or emblem that has been previously used or adopted by some other political party, nor any name or emblem in whole or in part similar to a name or emblem previously used or adopted by another political party, if such other party still claims and uses such name or emblem."

(This act did not amend § 42.)

*Amendment of Act No. 4 of June 18, 1924*

Section 42—(A new prohibition is included, which is copied only insofar as pertinent to the instant case, with the following language):

"No political party shall adopt as a name or emblem a name or emblem which has been previously used or adopted by another political party, either in whole or in part, if such other party still claims and uses such name or emblem."

(The right of the principal political parties to use, in order to distinguish each other on the election ballots, the same name and emblem that they used in the preceding election, unless a change is timely notified, is kept.)

(This act did not amend § 37.)

*Amendment of Act No. 1 of May 7, 1927*

Section 42—(It keeps the same text of the prohibition in Act No. 4 of June 18, 1924.)

(It keeps the right of the principal political or organized parties to use, in order to distinguish each other on the election ballot, the same name and emblem they used in the preceding election, unless a change is timely notified.)

(This act did not amend § 37.)

*Amendment of Act No. 3 of July 6, 1932*

Section 37—(The same prohibition with the same *Provided* clause of Act No. 2 of June 18, 1924, is kept as to the use of names and emblems by the parties by petition.)

(This act did not amend § 42.)

*Amendment of Act No. 114 of May 15, 1936*

Section 37—(The same prohibition, with the same *Provided* clause of Act No. 2 of June 18, 1924, is kept as to the use of names and emblems by the parties by petition.)

Section 42—(The same text of the prohibition in Act No. 4 of June 18, 1924, is kept.)

(It keeps the right of the principal or organized political parties to use, in order to distinguish each other on the electoral ballots, the same name and emblem they used in the preceding election, unless a change is timely notified.)

*Amendment of Act No. 10 of August 18, 1952*

Section 37—(It retains the same *Provided* clause of Act No. 2 of June 18, 1924, on the prohibition of the use of names and emblems by the parties by petition, that of names, emblems or insignias the use of which, for election purposes is prohibited by law, being added.)

(This act did not amend § 42.)

*Amendment of Act No. 11 of August 18, 1952*

Section 42—(The same text of the prohibition of Act No. 4 of June 18, 1924, is retained.)

(The right of the principal political parties to use, in order to distinguish each other on the electoral ballots, the same name and emblem they used in the preceding election, unless a change is timely notified, is retained.)

(This act did not amend § 37.)

*Amendment of Act No. 87 of June 20, 1955*

Section 37—(It retains the same *Provided* clause of Act No. 2 of June 18, 1924, on the prohibition of the use of names or emblems by the parties by petition, as amended in 1952.)

(This act did not amend § 42.)

*Amendment of Act No. 1 of September 2, 1955*

Section 37—(It retains the same *Provided* clause of Act No. 2 of June 18, 1924, on the prohibition of the use of

names and emblems by the parties by petition, as amended in 1952.)

(This act did not amend § 42.)

*Amendment of Act No. 138 of June 30, 1961*

Section 42—(The same text of the prohibition of Act No. 4 of June 18, 1924, is kept.)

(The right of the principal political parties to use, in order to distinguish each other on the electoral ballots, the same name or emblem they used in the preceding election, unless a change of name is timely notified, is retained.)

(This act did not amend § 37.)

*Amendment of Act No. 140 of June 30, 1961*

Section 37—(It retains the same provision of Act No. 2 of June 18, 1924, on the prohibition of the use of names and emblems by the parties by petition, as amended in 1952.)

(This act did not amend § 42.)

*Amendment of Act No. 3 of March 26, 1964*

Section 37—(It retains the same provision of Act No. 2 of June 18, 1924, on the prohibition of the use of names and emblems by the parties by petition, as amended in 1952.)

Section 42—(The same text of the prohibition of Act No. 4 of June 18, 1924, is maintained.)

(The right of the principal political parties to use, in order to distinguish each other on the electoral ballots, the same name and emblem they used in the preceding election, unless a change is timely notified, is kept.)

*Amendment of Act No. 3 of October 5, 1965*
*(First Special Session)*

Section 37—(The same prohibition contained in the provision of Act No. 2 of June 18, 1924, as to the use of names and emblems by the parties by petition, as amended in 1952, is maintained. Thus it governs at the present time.)

From the legislative history set forth above it may be noted that until § 37 of Act No. 79 of June 25, 1919 was amended by Act No. 2 of June 18, 1924 the prohibition of § 42 to the use of names or emblems covered the principal parties as well as the parties by petition; and that since said amendment is adopted the prohibition of § 37 is specifically directed to the parties by petition, the concept of "in whole or in part similar" being included for the first time in the aforesaid prohibition. This concept was not included in the prohibition for the use of name or emblem which was reinstated in § 42 by the amendment of Act No. 4 of June 18, 1924, which also did not include in said prohibition the "derivations of the name" contained in § 42 of the original act, the latter being applicable, as we have indicated, to the principal parties as well as to the parties by petition.

■ Therefrom it may be readily seen that although it is prohibited by § 37, as it governs at the present time, that a political group, wishing to be constituted into a party *by petition*, use or adopt any name, *in whole or in part, similar* to a name previously used or adopted by another political party, if such other party still claims or uses such name (besides prohibiting the use or adoption in whole or in part of *the name itself* used or adopted by any other political party), § 42 in force *does not prohibit* that an existing political party use or adopt a name *in whole or in part similar* to that of a political group in process of registration as a party by petition, prohibition which would create an unreasonable hazard in prejudice of the parties by petition, which in essence would be an assault against the right to vote of a part of the community.

■ The fact that the Election Law does not contain at present in its § 42, concerning the existing political parties, the same prohibition which § 37 contains as to the groups wishing to be constituted into parties by petition, as to the *similar* character of the names to be adopted by said political

groups, makes it mandatory to construe said § 37 restrictively with respect to the scope of said prohibition, in order to avoid the inequality of the law in its application as to citizens who, in the exercise of their electoral prerogative, are entitled to the equal protection of the law.

### III

The foregoing conclusion leads us to examine, in the instant case, with a restrictive sense, the scope of the prohibition of *similar* contained in § 37, which is missing in § 42.

■ In order for said prohibition not to injure the principle of equality of the right to vote among citizens of different political ideas, represented by the existing parties as well as by groups wishing to be constituted into parties by petition—and as part of said right, legislatively regulated, to use a name to identify their political group—the similarity between a name proposed by a party and a name used by another party should be of such a nature as to transmit by themselves, both names, the impression almost unmistakable to sight and hearing—because of the analogous construction of both and their sound almost identical—that the same name is involved; such similarity should not be derived only from the semantic content of the words alone.

■ Based on this restrictive rule of construction, the conclusion could be reached that the names "democrat" and "democratic" are similar because of their construction and sound; but a like conclusion could not be reached as to the names Popular Party (as part of the name Popular Democratic Party) and People Party, because there is no similarity between them in the construction or sound, it being necessary to resort to their semantic content and etymological root in order to invoke it.

It would be nonsensical to think that a party with the name of Independent—propounder, in its political program

of the independence for Puerto Rico—could oppose the use, by another party, of the name Republican because one of the acceptions of this word is *one who favors the republic*; or that both parties could not coexist because confusion would be created in the electorate.

It is known that the names of political parties form part of the public image they create in the course of the years. It is for that reason that the law tends to protect their names, which in a certain way become a property right which must not be vulnerated or usurped—under equal standards of prohibition—by other political groups, already existing as political parties or wishing to be constituted into political parties. But in the electoral process the names of the political parties are not submitted to the approval of the electorate. The ideological content of their social, economic, and political programs is submitted with the backing of the action and trust inspired by their leaders and candidates; and long-established parties, which have enjoyed the trust of large sectors of the electoral population, already identified in the public image by their names, insignias or emblems, and by their programs, cannot be confused by the electorate.

Under the provisions of our Election Law, political parties, besides distinguishing each other by their names on the electoral ballot, are also distinguished by their emblems or insignias, and even those who are not completely conscious of the distinction between the different political parties by their names and their programs, can hardly suffer confusion as to which party they favor, or for which party they are going to vote on the electoral ballot, since each one is identified on said ballot by the insignia or emblem which it has publicly used throughout the years and the preelection campaign.

We have not found judicial precedents applicable to the limited question herein involved on prohibition of use of *similar* names by political parties by petition.

In *Partridge* v. *Devoto*, 82 Pac. 775, it was a question of the adoption, in California, by two new political groups which had dissented from the pre-existing parties, "Republican Party" and "Democratic Party," of the names "Independent Republican Party" and "Independent Democratic Party." It is obvious that under our law the use of such names would be prohibited, under similar circumstances, to any political group wishing to be constituted into party by petition, not by virtue of the provision prohibiting the adoption or use of a similar name, but by virtue of the express prohibition of the law against the adoption or use, in whole or in part, of the very *name* of another political party.

A like situation arises as to the case of *McBroom* v. *Brown*, 127 Pac. 957, in which it was decided in the State of Colorado that a party by petition could not adopt *the same name* of "Progressive Party" previously adopted by another party by petition.

There is no basis to assume—and it has not been suggested in this proceeding—that the use of the name People Party, which was adopted and used during most of the registration proceeding, is not claimed in good faith and not to mislead the electorate or for the People Party to pass as the Popular Democratic Party, to which it is opposed; but rather to have the benefit—as it was indicated by the Opposition and Renewal Party in claiming the name of People Party[3] before the Commonwealth Board of Elections—of properly identifying itself before the voters who signed their petitions for registration under such name, as the party they helped to organize.

■ By virtue of the foregoing, it is decided that the Opposition and Renewal Party may use the name People

---

[3] At the general election held in Puerto Rico on November 4, 1952, a political group denominated "People Party" appeared as local party in the Electoral Precincts of Fajardo and Río Piedras I which obtained 412 votes in both Electoral Precincts.

Party, under the status of party by petition for the general election to be held in November 1968, and the case is remanded to the Commonwealth Board of Elections for further proper proceedings.

It was so ordered as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*