## STATE *ex rel.* DOERFLINGER VS. HILMANTEL.

QUO WARRANTO — *Elective office : Poll-list as evidence — Oral evidence — Right of voter to refuse to testify for whom he voted — Proof of his voluntary declarations.*

1. In *quo warranto*, a book produced in evidence by plaintiff from the office of the city clerk, called in the bill of exceptions a poll-list or register, contained, after the list of names written in ink, other names written in pencil, after each of which was, also in pencil, the word " sworn." *Held*, that the book showed upon its face that the names thus written were not registered within the time fixed by law, but were added at the polls.

2. The names thus written correspond with those attached to affidavits filed on the day of election to entitle affiants to vote under the registry law, as non-registered electors. A witness for plaintiff, being one of said affiants, who had verified his own signature to his affidavit, was asked for whom he voted at said election. *Held*, that the question was not objectionable on the ground that the witness appeared to be a duly registered elector; since in fact the contrary appeared.

3. It was competent for plaintiff to prove farther by the testimony of such witness, if he knew the fact, that his name was not on the list of electors had at the place where the election was held.

4. Oral evidence for plaintiff of the time when certain of said names were written in the list, was not inadmissible on the ground that the list, purporting to be a register, and being offered in evidence by the plaintiff, could not be explained or contradicted by him; it appearing that he offered it merely to show the names and number of those who voted at the election without having been previously registered.

5. The privilege on the part of witnesses, of refusing to testify for whom they voted at an election, is strictly confined to those who were *legally entitled to vote at such election*, and does not extend to those whose votes where received in violation of the registry law.

6. The declaration of a voter, voluntarily made, may be given in evidence to show for whom he voted.

At the annual election for county officers of Milwaukee county, in November, 1866, *Hilmantel* received a majority of the votes cast for the office of clerk of the board of supervisors of said county; and, having received the certificate of election, he entered upon the duties of the office. The complainant was the

opposing candidate for said office at that election, and brought this action to try *Hilmantel's* title, alleging that a portion of the votes cast for the latter, greater in number than his majority, were received in violation of the provisions of the registry act, chap. 445, Laws of 1864. A demurrer to the complaint having been overruled (21 Wis. 566–73), the defendant answered; and the cause was sent to the circuit court for Milwaukee county for the trial of certain issues of fact. The verdict being in favor of the defendant, the complainant moved in this court for a new trial, on the ground of alleged errors in the rulings of the circuit court on questions of evidence.

The record not being now found on the files of this court, the facts in regard to the offers of evidence, and the rulings of the court below thereupon, cannot be stated any more fully than they appear in the opinion, *infra.*

*Smith & Salomon* and *D. H. Johnson*, for the motion.

*Jas. G. Jenkins* and *Mat. H. Carpenter*, *contra.*

Dixon, C. J. The book produced from the office of the clerk of the city of Milwaukee, called in the bill of exceptions "poll-list or register number three," bears indubitable evidence on its face of having been altered or added to after the time prescribed by law for revising, correcting and completing the annual lists of voters. As urged by counsel, it appears on its face that the additions must have been made on the day of the election, and at the place where the votes were received. The additional names were written in pencil, and not in ink, as were the names of all other persons regularly appearing upon this and the other lists or registers of electors; and opposite each was written, also in pencil, the word "sworn," or abbreviations for that word; thus indicating distinctly that the names so written were not previously upon the list, but were added at the polls because the persons so voting made and furnished affidavits, as the statute provides may be done in the

case of non-registered voters. In addition to this, the affidavits themselves, precisely corresponding in names and dates, were in evidence before the court and jury. Under these circumstances, we have no hesitancy in saying that the court erred in sustaining the objection to the question put to the witness Stoltz, when he was asked if he voted at the election in question for clerk of the board of supervisors of Milwaukee county. The ground of the objection was, that it appeared from the poll-lists under consideration that he had been duly registered as an elector at said election. His was one of the names so written in pencil, and the affidavit furnished by him to the inspectors on the day of election had also been produced. He had testified to his signature to the affidavit made by himself. It did not, therefore, appear that he had been duly registered as an elector, but the contrary; and the objection was without foundation.

The next question put to the same witness was also improperly overruled. The object was to prove by the witness himself, if he knew the fact, that his name was not on the list of electors had at the place where the election was held. It was testimony offered to confirm the alterations in the list which already appeared from the list itself. We know of no objection to such testimony, except, perhaps, that it may be cumulative; but on that ground it ought not to be rejected until the matter in controversy is placed beyond any reasonable doubt.

The exceptions thus considered cover the points reserved by the proofs subsequently offered to be made by the same witness and the witness Rosebeck, and show that the court erred in rejecting them. They include also the objection to the question put to the latter witness as to the time when the name of the witness Stoltz was written in the list. The ground of this objection was, that as the list purported to be a register, and was produced and offered in evidence by the plaintiff, it

could not be explained or contradicted by him. It is obvious from the nature of the facts to be investigated, and of the evidence by which they must be established, if at all, that the object of the plaintiff in offering this list in evidence was to show by it, in connection with the other lists at the same time offered and received, the names and number of those persons who voted at the election without having been previously registered, and then to prove by the affidavits and other evidence, that the persons so voting did not comply with the registry law so as to entitle them to vote. It would, in our judgment, be a most extravagant application of the rule contended for, to hold that it precludes a party offering a document or paper for such a purpose from explaining or contradicting it. As has already been said, the book, as to some parts, effectually contradicted itself, and showed that it was not what it was claimed to be—a register—but a list of names subsequently added. As to the names so apparently added, the evidence offered was not in contradiction of, but in harmony with, the book.

The exception taken to the ruling of the court excluding the question put to the witness Newbauer, involves a point of very considerable importance. It is, whether a person generally qualified under the constitution and laws to be a voter, but disqualified by reason of his non-compliance with requirements of the registry act, to vote at a particular election, and who was notwithstanding permitted to vote at such election, can be compelled, against his will, to disclose in a court of justice the name of the person for whom he voted. At the request of the defendant's counsel, the court instructed the witness that he might decline to answer the question if he saw fit. He declined, and the plaintiff excepted to the decision of the court. Does the privilege of the secret ballot, conceding it to exist, extend to a person who voted illegally? In answering this question, it is plain that no distinction can be made between dif-

ferent individuals or classes of individuals who vote in actual violation of law. We cannot discriminate between such as have some or most of the requisite legal qualifications to entitle them to vote and those who have none. If one person who votes illegally may claim the privilege, then all may do so. Can a person who under no circumstances would have been entitled to vote, but who nevertheless did vote, claim the privilege? Can such an one, who procures his vote to be received by fraud or force, or through the mistake, inadvertence or corruption of the inspectors, claim the privilege? In reason and justice we say not; and if he cannot, then any other person who votes, having no legal right, cannot, even though the giving and reciving of the vote involves no moral guilt or intentional violation of the law on the part of either the voter or inspectors. The turning point of the inquiry is, whether the privilege is confined to persons voting lawfully. We think that it is. It is said to spring from the policy of the statute, which authorizes *legal voters*, but no others, to vote by ballot. It would seem to be a most obvious perversion of this policy, were the privilege extended to persons not within the statute, but who acted in direct opposition to it. Thus we think that the peculiar right or immunity of the lawful voter, growing out of the policy of the law with regard to such persons, cannot be claimed by one who is not a lawful voter.

The point involved in the question put to the witness Heide, has already been considered in the case of *The State ex rel. Hopkins v. Olin, ante*, p. 309. We there held that the declaration of a voter, voluntarily made, may be given in evidence to show for whom he voted.

*By the Court.* — New trial granted.