GUPTILL v. VERBACK.

1. **Promise of Marriage**: BREACH OF: PRIVILEGED COMMUNICATIONS. Where a physician, sworn as a witness in an action for damages for the breach of a marriage contract, was asked if the plaintiff had consulted him in respect to "getting rid of a child with which she was pregnant at the time," it was held, there being no showing of an unlawful purpose, that the communication was privileged.

2. ———: ———: IMMORALITY: INSTRUCTION. In an action for damages for the breach of a marriage contract, where the defense was that prior to the alleged promise the plaintiff had criminal intercourse with other men and was of unchaste character, the jury should have been instructed that if the conduct of the plaintiff was such that defendant's promise was not obligatory upon him, she was not entitled to recover; and an instruction, implying that although the jury might find the defendant had just cause for his refusal to marry plaintiff, still they should determine what amount of damages, if any, the plaintiff was entitled to recover, was contradictory and misleading.

*Appeal from Howard District Court.*

WEDNESDAY, APRIL 19.

ACTION to recover damages for the breach of a marriage contract. The defendant pleaded a general denial, and that plaintiff, prior to the alleged promise, had sexual intercourse with other men, and was.a woman of bad, immoral and unchaste character, all of which was unknown to the defendant at the time the promise was made. Trial before a jury, verdict and judgment for the plaintiff, and defendant appeals.

*H. T. Reed* and *Geo. Marsh*, for appellant.

*H. C. McCartey* and *S. L. Smith*, for appellee.

SEEVERS, CH. J.—I. We are not prepared to say the errors assigned, based upon the admission of evidence, are well taken, and it is not deemed necessary to state our reasons, except as to a single one, which is deemed the most important. The defendant called doctor Price as a witness in his behalf. It was shown the witness knew the plaintiff and had seen her about four years previous to the trial. Whereupon the defendant asked the witness the following question: " At the time you saw her, did she ask your advice in relation to getting rid of a child with which she was pregnant at the time?" An objection to this question was sustained on the ground the witness could not disclose such a confidential communication.

*1. PROMISE OF MARRIAGE: breach of: privileged communications.*

Counsel for the appellant insist that to produce ,a miscarriage of a pregnant woman is a crime, and that the privilege of a physician does not extend to and protect " parties seeking information or advice as to prospective infractions of the law." In support of this proposition 1 Wharton's Ev., § 590; *People v. Blakely*, 4 Parker, 176; *Hewitt v. Prime*, 21 Wend.; *Campan v. North*, 39 Mich., 606; *State v. Doerflinger*, 23 Wis., 422, and *Coveny v. Tannahill*, 1 Hill, 33,

are cited. We are not called upon to determine this point, because it is not unlawful to produce the miscarriage of a pregnant woman, if it becomes necessary to do so in order to save her life. Code, § 3864. In thĕ absence of any showing to the contrary, the presumption must be indulged that the communication was made for a lawful purpose, and is therefore privileged. Code, § 3643.

It cannot be said, as is claimed, the plaintiff waived her rights in this respect. The contrary clearly appears, for she objected to the question on the ground the communication was privileged.

II. The court instructed the jury as follows: "6th. If you find from the evidence that at the time of the alleged promise by defendant, the plaintiff had been guilty of criminal intercourse with other men, or was of immoral, lewd, lascivious or unchaste character, then such conduct or character afforded just cause for defendant to refuse to marry her, and should be considered by you in mitigation of damages, and may, in your discretion, forbid the plaintiff from recovering any amount whatever. The amount you give should only be commensurate with the damage done. So, too, if the plaintiff seriously and in earnest declared to others that she did not care for defendant, but it was his money she was after, this was a just cause for defendant's refusing to marry her, and should in like manner be permitted to reduce the amount of her recovery, or in your discretion, entirely forbid a recovery, if the contract was understood on his part to be one of and for love and affection."

2.——:——:
immorality:
instructions:

As we understand the appellee insists the foregoing instruction contains three distinct legal propositions. That is, it means: "If plaintiff had been guilty of lewd conduct, or was of unchaste character at the time of the alleged promise, then, 1st. This afforded just cause for the defendant to refuse to marry her; 2d. It should (must) be considered by you (at least) in mitigation of damages; 3d. In your discretion it may forbid plaintiff from recovering." It seems to us abso-

lutely certain, if the conduct of the plaintiff was such that the promise ceased to be obligatory on him, the plaintiff was not entitled to recover and the jury should have been so instructed. But the court, instead of so saying, instructed the jury that although they might find the defendant had just cause for his refusal to marry the plaintiff, still they should consider and determine the question whether, and what amount of damages, the plaintiff was entitled to recover.

Instead of being three propositions contained in the instruction, practically there is but one, and that is, if the facts are found to be as therein stated, what amount of damages is the plaintiff entitled to recover? The instruction is contradictory to itself and clearly misleading. It constitutes the law of this case, whether right or wrong, and its mischievous effect is not neutralized by the thought suggested by counsel, that it ignores the question whether the defendant had knowledge of the unchaste character of the plaintiff at the time the promise was made. For it was the duty of the jury without reference to such question, to follow this instruction, and if they found the plaintiff was unchaste, then determine what damages, if any, she was entitled to recover.

We are not prepared to say there was error in refusing the instructions asked or in those given, except as has been indicated.

REVERSED.