---

(9 App. Div. 223.)

## In re GREENE.

(Supreme Court, Appellate Division, Second Department. October 14, 1896.)

ELECTIONS—BALLOTS—INFRINGING PARTY NAME.
 The designation "National Democratic Party" on the official ballots is sufficiently distinctive to avoid confusion with the "Democratic Party." Cullen and Bartlett, JJ., dissenting.

Appeal from special term, Kings county.

Proceeding by Everett Greene to review the determination of the board of elections of the city of Brooklyn. From an order that the certificate of nomination of the complainant was in all respects a valid party certificate of nomination, and that the name "National Democratic Party" infringes on the name "Democratic Party," both parties appeal. Modified.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. Herbert Watson, Edward M. Shepard, and Charles J. Patterson, for complainant.

S. S. Whitehouse, Willard P. Reid, and Almet F. Jenks, for board of elections of Brooklyn.

Asa Bird Gardiner, for Democratic state committee.

HATCH, J. We are agreed that that part of the order appealed from which determined that the certificate of nomination which was filed by the complainant is in all respects a valid certificate of nomination by an existing political party was correctly decided; that the same is in compliance with the election law of the state, and, being such, the complainant is entitled to have his name placed upon the official ballot to be voted at the ensuing election. In this respect we are in harmony with the views expressed by the learned court below.

Upon the question as to whether the use of the words "National Democratic Party" is in substance the same as the regularly adopted name "Democratic Party," as a designation of an older political organization, we are not so agreed. In the election law of this

state the Democratic Party is recognized as one of the great political parties, and it has become securely entitled to that name as a party designation. Any use, therefore, of a name in the official ballot which infringes upon this right, is in violation of the statute which secures it. It is quite evident that the design of the statute is to secure to the party a distinctive name, in order that the voters who are in harmony with the principles which the party represents may know certainly that they are voting its ticket, and that they may not be misled into voting a ticket which does not represent those principles, by the use of a name which so closely resembles it that the voter may not readily discern the difference. We are therefore to see if the proposed name, "National Democratic Party," may thus mislead, tested by this rule. In determining this question, we consider the names used by the representative parties in former years, and since this requirement became the policy of the election law of the state. In this view, the action of those parties who have clung to the distinctive name "Democratic," and have with qualifications made use of the same in party designation upon the official ballot, becomes significant and important. In 1894 an organization in Kings county called itself the "Democratic Party Reform Organization," and under this name it nominated candidates for state and county offices, and its candidates were placed upon the official ballot under this designation, and thousands of voters cast their ballots for the candidates thus presented. In the next year a state convention was held, which nominated candidates for state officers, who were voted for throughout the state, and local conventions under the same auspices were held in Kings county, and candidates named for the several offices. These tickets, state and local, found place upon the official ballot under an adopted emblem of a full-rigged ship, and with the name as above mentioned. This party thus acquired a right of use of this name as secure as is the right of the Democratic Party to its name. It is of considerable importance to note that upon the official ballot this party and ticket appeared in the third column, designated in the first line as "Democratic Party," followed in the second line by "Reform Organization." The first line is the precise designation of the Democratic Party in its column. It would seem that, as this designation in the first line was in the same language, its tendency might be to mislead; yet thousands of voters cast their ballots for both tickets, at a time when the law was new, not alone once, but twice, and yet no complaint was ever made that a single voter was misled, or that either party suffered loss of votes on account of the resemblance. This condition seems to establish that as to the words "Democratic Party" no right is acquired when such words are accompanied by other words which qualify their sense, or convey a meaning that a different party is intended, and that, in practical use, the voter is not misled, and the statute is not therefore violated. The object of the law is to secure to each voter the right to cast his ballot for the party of his choice. To this end, the emblem is required that the illiterate voter may be secure in his choice. The designation by name is made for the benefit and security of the voter who can read. It is at once

evident that the illiterate voter cannot be misled by any designation in words, for all are meaningless to him, and, besides, he may be entitled to assistance.    Laws 1896, "Election Law," § 104, subd. 2.

The voter who does not know for whom he wishes to vote or what ballot he intends to cast cannot be misled or confused by any designation which may be made, and consequently remains unaffected by the use of any words of designation.   It is undoubtedly true, in the sense that the Democratic Party is made up from citizens in every state and community in the Union, that its general convention is national, in that it embraces representatives from all parts of the country, and all of its members are affected by its action; and it is in the sense of representation, and that alone, that the word "National" has any signification in connection with the party name.   It has never, so far as the papers disclose, or so far as we are aware, made use of the word as a party designation in this state, and it is not claimed that it ever appeared as a party designation upon the official ballot.   Its voters who have cast its ballot do not know it by that name, and have never been confronted with its ticket under that designation.   To the voter, therefore, who can read,—and it is for him that the name is given,—when the words "Democratic Party" are preceded or followed by a qualifying word or words, his attention is arrested, and we think it necessarily conveys to his mind that the two parties are not one and the same, but are different; and when this is followed by the name of the presidential candidates, whom we must assume, as he can read, he knows, it does not seem possible that he can be misled by what he can plainly see.   We must bear in mind that during the last two years, as we have seen, the Democratic Party has been represented upon the official ballots by two tickets calling themselves "Democratic."   The voters of the state have therefore become familiar with such fact.   The respondent has always been designated "Democratic Party"; is still so designated.   The other branch has been the "Democratic Party" qualified by other words.   The word "National" keeps up the qualifying designation, and it seems to my mind that a voter with intelligence sufficient to read could not be misled by such terms into voting a ticket that he did not intend to vote, or fail to recognize the distinction between the two parties. When we add to this consideration the fact that we are upon the eve of an election wherein the candidates and principles of the two dominant parties have been under consideration for months; that since the 3d day of September, 1896, a party calling itself the "National Democratic Party," in contradistinction to the "Democratic Party," with candidates for president and vice president, has been before the people, discussed in all newspapers, brought to the attention of the citizens and voters in every city and hamlet in this state by all the enginery of political machinery, we must conclude that the word "National" used in this connection has acquired something more or something less than its generic sense, and that as so used it has all the attributes of a descriptive term, means a party, and that party is the National Democratic Party, as distinct in meaning and purpose from the Democratic Party as is the Republican Party, and that it is so generally understood by all citizens and voters who can read.   In

this view, the consideration of words as constituting an infringement of trade-marks, or that generic words may not be so used or adopted as to become vested with property rights, has no application. But the word is to be considered in the connection in which it is used, in order to determine the meaning conveyed; and, although it may be entirely arbitrary, yet, if its sense and meaning is clear in the connection in which it appears, that signification will be attached to it. It follows from these views that the use of the words as a party designation infringes no right of the Democratic Party, and is not in violation of the statute.

The order in this respect should be reversed, with $10 costs and disbursements.

The order appealed from, so far as it overrules and reverses the determination of the board of elections of the city of Brooklyn that the certificate of the nomination of the complainant is not a party certificate, is affirmed. So far as it sustains the determination of the board of elections that the party name "National Democratic Party" is substantially the same name as the "Democratic Party," the order is reversed; and the determination of the board of elections of the city of Brooklyn to the same effect is also reversed.

BROWN, P. J., and BRADLEY, J., concur.

CULLEN, J. I dissent from so much of the opinion of Mr. Justice HATCH as holds that the name "National Democratic Party" is not substantially the same as "Democratic Party." I do not say that there is an exclusive or prescriptive right to the names "Democratic" or "Republican" to such an extent that a third party might not properly, under the statute, adopt the name of "Independent Republican" or "Reform Democratic," because the very words "Reform" or "Independent" would indicate to every mind familiar with American politics that the ticket was not that nominated by the regular organization. But the term "National Democratic Party" or "National Republican Party" would convey no such signification. I think the natural thought suggested by the use of those terms in common conversation is the idea of the regular party in its entirety through the whole country, as distinguished from the party organization in a state. I see no evidence of the fact that the term "National" in reference to the Democracy has by length of usage assumed in the general understanding of the community a particular significance. It is dangerous to assume such fact in the case of a party organization which has been in existence but a few months. I make bold to assert that this party is referred to colloquially by the terms "Sound Money Democrats" or "Gold Democrats" a hundred times where it is once mentioned as the "National Democratic Party."

The reverse rule should be applied here to that applicable to the question of the right of an organization to have its ticket printed on the official ballot. In the latter case, under our most restrictive ballot law, which (if constitutional) is almost destructive of independent voting, a party deprived of place on the official ballot is practically and in fact deprived of an opportunity to receive votes at all. The

court should therefore be astute and keen to so construe the law and facts as to give every body of citizens a fair chance to express their will by the ballot box. But no injury or hardship is done the independent voter or dissenting organization when it is required that new names should indicate affirmatively or even almost aggressively the fact that the ticket is not that of the old or regular organization. The name here adopted is, to say the least, so dangerously close and similar to that of the old organization that it should not be allowed to stand. The Independent Party has run its candidates for office at two elections under its name of "Democratic Party Reform Organization." There is no reason to suppose that under the same designation it will not receive the votes of all persons intending to support it, and the change of name proposed should not be now allowed.

BARTLETT, J., concurs in the foregoing opinion of Mr. Justice CULLEN.