**JOHNSON v. CLARK, Secretary of State, et al.**

**No. 22.**

District Court, N. D. Texas, Dallas Division.

Nov. 7, 1938.

Robert Ogden and George O. Wilson, both of Dallas, Tex., for plaintiff.

H. Grady Chandler, Asst. Atty. Gen., for respondents.

ATWELL, District Judge.

The plaintiff alleges that he is the regular certified Republican nominee for Congress from the Fourth District of Texas. He complained against Edward Clark, the Secretary of State, and seventy election officers from the seven counties.

This court has a rule that prevents summary restraint against parties who are sued without giving them an opportunity to be heard, unless damage is imminent. This bill was presented to the court on Saturday at high noon, and the show cause order entered about 12:30 P. M. Counsel advised the court that they had just been employed that day or the day before and had proceeded as rapidly as they could to draw their bill and get it to the court.

The quickest way, of course, to get word to respondents, was to choose those who were the key men in the seven counties, the Attorney General of the state, and the Secretary of State, and I think they were reached by the complainant.

In response to that show-cause order they are here, and have suggested to the court the lack of jurisdiction, and the lack of equity, which suggestions, I think, we may overlook for the moment.

Here is an application to a Chancellor to stay, what is claimed to be, an illegal election. That application is made by a candidate, for a political party who has been certified by the Secretary of State as such nominee. He is entitled to have legal ballots cast for him, as well as for his opponent, and he, himself, is entitled to have his own vote legally treated.

The court is called upon to know, judicially, the election laws of the State in which the court sits.

The bill alleges that these election officers of the seven counties, of Collin, Grayson, Hunt, Rains, Rockwall, Kaufman and Fannin, which comprise the Fourth Congressional District of Texas, propose to follow that law. That is, that when the voters in those counties enter the polling places tomorrow, that the voter, after having satisfied the election judges that he is a qualified voter, will then be handed the printed ballot. That he then, in secrecy, will prepare that ballot and return it folded, and hand it to the election judge or clerk, who then places on the ballot the number that the voter had secured when he entered to vote. If he is the 25th in coming in, his ballot is No. 25. If he is 1st in coming in, then a 1 is put on, etc. This is required by Texas State Constitution, Sec. 4, Art. 6, Vernon's Ann.St.Const. art. 6, § 4. The ballot is then, if it has not already been folded small enough, folded and placed in a little hole in the ballot box. The election polls close at seven o'clock in the evening. The officers then proceed to count the ballots that they have placed in

the box. Before they shall have become officers, however, they meet with the county judge, the county clerk, and the sheriff and are sworn to keep the ballots of the voters secret. They then scatter out to the voting boxes of the county, and when the election shall have closed at seven o'clock, which elections are conducted not by one man but by several men or women, on which boards are representatives from each political party, under the law, there to watch one another, and look after one another, and see that the election takes place according to the law, those election rolls are returned to the proper custody, but the ballots are counted, while the roll of the voters is taken away. The ballots are not counted according to the numbers that have been placed on the blank side of the ballot, but they are opened up, and the votes, as indicated on the printed or written part of the front of each ballot, are called off in the presence of the officers of the election by one of the callers and tallied. Those ballots are then placed in a receptacle and kept safe against the day of contest, for a certain time, under lock and key. I believe that time is six months, and then they are burned.

The law is to conserve the purity of the ballot and to preserve it from fraud. A ballot, without a number on it, would be wholly useless in determining whether a spurious or fraudulent ballot was slipped in its place, because there would be no way to tell who voted it, and therefore, there would not be any witness who could come into court and say whether he voted that ballot.

This court holds that it is a secret ballot. It is as much a secret ballot as is the proceeding of a grand jury. We swear the grand jury to keep secret the proceedings. We cannot place a lock on their lips and prevent them from telling it if they will, but the law goes as far as it may in order to assure secrecy of the proceedings. It permits the disclosure of those proceedings, if necessary, in a court. The witness before the grand jury may not tell what he said. The voter may tell for whom he voted, if he wishes. It seems to me that every possible safeguard is placed

around the ballot in Texas to insure its secrecy, its probity and its genuineness.

A Chancellor has no right to presume that an election officer is going to violate his oath. The election man who has access to the talley of the voter might, though I do not see how he could, with the others looking around him, but he might, in some way, find out that John Jones was voter No. 1, and he might finally find No. 1 and see how Jones voted, but that is straining at a gnat, in equitable and good faith matters. These election boards, this election machinery, is made up of a judge, the sheriff, the county clerk, as I have said, and judges of various parties, and we cannot say that they are going to violate their oath in order to restrain them from doing anything at all.

Furthermore, the National Constitution, Art. 1, Sec. 4, U.S.C.A.Const. art. 1, § 4, leaves the matter to the states, until and unless the Congress provides otherwise. The Congress did provide in this particular matter, Title 2, U.S.C.A. § 9, that so far as the manner is concerned, that it shall be by written or printed ballot or, by machine. This, I think, means secret ballot.

■ The word "ballot," in an election provision, means a method which will insure, so far as is possible, the secrecy and integrity of the popular vote. State v. Keating, 53 Mont. 371, 163 P. 1156. Worcester's dictionary defines it as "a secret method of voting at election."

See also State v. Shaw, 9 S.C. 94; Brisbin v. Cleary, 26 Minn. 107, 1 N.W. 825; Taylor v. Bleakley, 55 Kan. 1, 39 P. 1045, 28 L.R.A. 683, 49 Am.St.Rep. 233; Williams v. Stein, 38 Ind. 89, 10 Am.Rep. 97; 8 C.J.S. Ballot, 381 and 382.

Now, if it had meant that they shall not be numbered in order to prevent fraud, or anything of that sort, they could very well have added that, and then we would have had no safeguard for a pure ballot. I cannot see, gentlemen, any propriety here that will support a temporary restraining order, and I therefore decline to grant it.