In the Matter of Vito Marcantonio, Individually and as Chairman of the State Committee and the New York County Committee of the American Labor Party, et al., Petitioners, against William J. Heffernan, et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 20, 1948.

*Samuel M. Blinken* for petitioners.

*John P. McGrath, Corporation Counsel* (*Frank A. Piazza* of counsel), for William J. Heffernan and others, constituting the Board of Elections of the City of New York.

*Louis J. Lefkowitz* and *Paxton Blair* for Thomas J. Curran, as chairman of the New York County Republican Committee, and others, intervening respondents.

*A. L. Sainer* for John A. Mullen and others, respondents.

Schreiber, J.  This is a motion (1) to declare illegal and void independent nominating petitions filed with the Board of Elections which purport to nominate many of the respondents as the candidates of the United Laborite Party for public offices to be voted for at the general election to be held November 2, 1948; and (2) to declare illegal and void the use of the name " United Laborite Party ".  The motion is made by the chairman of the State and New York County Committee of the American Labor Party and by various candidates of that party for public office, pursuant to the provisions of sections 330 and 335 of the Election Law which confer summary jurisdiction upon this court to

determine questions of law or fact arising in connection with the nomination of candidates.

Although the moving papers attack the United Laborite petitions on a number of grounds, all these save one were abandoned at the close of the oral argument. The assault upon the petitions was narrowed and limited to the single contention that the attempted use of the name '' United Laborite Party '' violates the provisions of subdivision 3 of section 137 of the Election Law. That subdivision reads in part as follows: '' The name selected for the independent body making the nomination shall not *include* the name or *part of the name,* or an abbreviation of the name or of part of the name, of a then existing party.'' (Italics the court's.)

The words '' United Laborite '' used in respondents' nominating petitions include the word '' Labor '', which is part of the name of an existing party, viz., the American Labor Party. The addition to the word '' Labor '' of the suffix '' ite '' does not avail respondents, for it cannot be denied that the word '' Laborite '' includes the word '' Labor''. To hold otherwise would result in the utter emasculation of section 137 (*supra*) which was obviously intended to prevent all possibility of confusion in the minds of the voters in connection with the election machinery. If the use of the word '' Laborite '' in respondents' petitions were held legal and proper, it would follow that a Federalist Party could not validly complain under the statute of the adoption by a new party of the name '' Federalistic Party '', or that the Republican Party could not successfully assail the employment of the name '' Republicanism Party ''. It is difficult to believe that the Legislature which enacted section 137 could have intended to permit new parties to employ parts of the names of existing parties provided only that suffixes were added thereto. There is nothing in the language of the section to indicate that the Legislature had so narrow a purpose and that the literal reading of the section is to be disregarded. The statute, read literally, bars any new party from using in its name the word '' Labor '', which is part of the name of an existing party, regardless of whether the word '' Labor '' is used with or without a suffix. The situation is no different from what it would be if the name of the new party in the instant case were the '' United Labor Ite Party '', i.e., if '' Ite '', instead of being a suffix, were a separate word, there could be no doubt that the use of that name would violate the mandate of section 137. The result could be no different merely because '' Ite '', instead of

forming a separate word, was added to the preceding word as a suffix. The statute does not prohibit the use of part of the name of an existing party *only where such part is used as a separate word without a suffix or prefix.* The prohibition is unqualified and no such qualifications may be read into it. Of course, the statute is not to be construed as forbidding every use of part of the name of an existing party. Thus, the fact that an existing party might bear the name " Federalist " would not prevent a new party from using the name " Communist ", although " ist " is already part of the name " Federalist ". Manifestly the Legislature did not intend to bar the use of a suffix or prefix or of some other unimportant letters forming a portion of the name of an existing party. Such an interpretation of section 137 would clearly be too extreme and would ignore the purpose of the statute, viz., the prevention of the possibility of confusion. There is a substantial difference between the use of *such* portions of an existing party's name and the adoption here of the most important and vital part of the name of the American Labor Party, viz., the word " Labor ". It should be borne in mind that the question to be decided on the present application is not whether the name " United Laborite Party " is substantially the same as the name " American Labor Party " or is likely to confuse or mislead voters, but rather whether the name " United Laborite Party " includes part of the name " American Labor Party " and therefore violates section 137 of the Election Law. The distinction was pointed out in *Matter of Carr* (94 App. Div. 493, 495): " It is not a question whether the name designated in the certificate is ' *the same, or substantially the same ,*' as that of the organized Democratic Party, but whether it *includes* such name."

The court, therefore, held inapplicable the decision in *Matter of Greene* (9 App. Div. 223, affd. 150 N. Y. 566), where the question decided was that the name " National Democratic Party " was not substantially the same as the name " Democratic Party ". The *Greene* case (*supra*) did not involve the interpretation of statutory language identical with or similar to that contained in subdivision 3 of section 137 of the present Election Law.

For the reasons indicated, the motion is granted to the extent of holding that the name " Laborite " may not be included in the name selected for the independent body making the nominations of the respondent candidates. In other respects the motion is denied. The motion for intervention is granted. Settle order on one day's notice.