Avis B. VOORHES, William G. Voorhes and Rudolph Presutti on behalf of themselves and all others similarly situated, Plaintiffs,

v.

John DEMPSEY, Governor of the State of Connecticut, and Ella T. Grasso, Secretary of the State of Connecticut, Defendants.

No. 10462.

United States District Court
D. Connecticut.

June 22, 1964.

Igor I. Sikorsky, Jr., Richard M. Rittenband, Hartford, Conn., for plaintiffs.

Harold M. Mulvey, Atty. Gen. of Connecticut, Raymond J. Cannon, Asst. Atty. Gen., for defendants.

Before SMITH, Circuit Judge, and ANDERSON and BLUMENFELD, District Judges.

PER CURIAM.

Three Connecticut voters, on behalf of themselves and others similarly situated, bring this action under the Civil Rights Acts, 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1343, to enjoin the operation of Connecticut voting machines equipped with a mandatory party lever and to have Section 9–242 of the Connecticut General Statutes (1958 Rev.), which requires that the machines be so equipped, declared unconstitutional. The defendants, the Governor and Secretary of the State of Connecticut, have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. We find the complaint fatally deficient and grant the motion to dismiss.

Section 9–242 of the Connecticut General Statutes provides that all voting machines in Connecticut shall be equipped with party levers but "shall permit an elector to vote for any person for any office, whether or not nominated as a candidate by any party or organization, and shall permit voting in absolute secrecy." Any Connecticut elector is free to vote or not to vote for any candidate; however, since a party lever must be pulled to unlock the machine, the elector must specifically reject any candidate on the party slate for whom he does not wish to vote by pushing up a key assigned to that candidate's name. The elector may then vote for another candidate for that particular office by pushing down the key assigned to the candidate of his choice or by writing in the name of a candidate not on the ballot.

The complaint alleges that the mandatory party lever system employed by Connecticut violates the Fourteenth Amendment to the United States Constitution because it:

(1) denies the plaintiffs their right to a free selection through mental and psychological pressure to restrict their voting efforts to pulling a party lever;

(2) subjects independent voters to more burdensome conditions than party voters;

(3) denies the plaintiffs their right to a secret ballot, for those outside the

booths can tell whether an elector has voted for a split ticket by listening for the clicking of the individual keys and noting the longer time required to vote.

 The allegations of the complaint plainly fail to state any claim upon which this court may grant relief. Under the Federal Constitution the states have been entrusted with broad discretion· in formulating an election system. United States v. Classic, 313 U.S. 299, 311, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), and nothing in the complaint indicates that this discretion has been abused. The mandatory party lever statute does not deny any candidate a place on the ballot, nor does it prevent any voter from voting for any candidate. A vote for a straight ticket is accorded no greater weight in the final tallies than a vote for a split ticket. While the wisdom of the mandatory party lever statute may be questionable, it can hardly be termed fundamentally unfair or unreasonably discriminatory in contravention of the Fourteenth Amendment. Indeed, the disadvantaging inconvenience to split ticket voters from the Connecticut statute would appear to be much less than the New Jersey statutes, sustained by a three judge court in Voltaggio v. Caputo, 210 F.Supp. 337 (D.C.N.J.), app'l dismissed, 371 U.S. 232, 83 S.Ct. 325, 9 L.Ed.2d 494 (1962), denying an independent candidate the opportunity to have his name listed on the ballot with the top group of candidates. Cf. MacDougall v. Green, 335 U.S. 281, 69 S.Ct. 1, 93 L.Ed. 3 (1948).

 The utilization of party levers, be they optional or mandatory, discriminates against the independent voter to the extent the latter must spend more time and effort to vote for the same number of candidates than one who votes for a straight ticket. However, there is a rational basis for this discrimination, for the party lever simplifies and speeds up the voting process for large numbers of voters. It is for the legislature to determine the wisdom of making such a discrimination for this purpose. We are unable to see that the slight extra effort required for an independent voter to pull a party lever and reject candidates for whom he does not care to vote constitutes such a burdensome and unreasonable discrimination that the independent voter is deprived of the equal protection of the laws.

 Assuming, but without deciding, that the Federal Constitution or statutes require a secret ballot,[1] the party lever does not deprive voters of a secret ballot. No one outside the booth can tell for which candidates or party a ballot has been cast, or indeed, whether an elector has voted for any candidates at all. Plaintiffs' claim of an unsecret ballot amounts actually only to the possibility that a voter may be subjected to an accusation of a lack of party fealty for having split his vote, a far cry from an unsecret ballot. Even this accusation may be wholly false, for a voter may finally vote a straight ticket after rejecting certain candidates by pushing their individual keys back up. For all practical intents and purposes, the Connecticut procedure is a secret ballot.

Nor is there any federal statute upon which relief may be granted. The only federal·statute relating to the mechanics of voting (other than absentee ballots) which has come to our attention is 2 U.S.C. § 9, which simply provides: "All votes for Representatives in Congress must be by written or printed ballot, or voting machine the use of which has been duly authorized by the State law; and all votes received or recorded contrary to this section shall be of no effect." Obviously nothing in this statute can be construed to prohibit a state from authorizing the use of a voting machine equipped with a mandatory party lever. Cf. Smith v. Blackwell, 115 F.2d 186, 189 (4 Cir. 1940).

The motion to dismiss the complaint is granted.

1. Compare Johnson v. Clark, 25 F.Supp. 285 (N.D.Tex.1938) with Smith v. Blackwell, 115 F.2d 186 (4 Cir. 1940).