(October 19, 1987)

■ In the Matter of EDWARD F. McDONOUGH, Respondent, v HENRY G. TUTUNJIAN et al., Constituting the Rensselaer County Board of Elections, et al., Appellants.—Per Curiam. Appeal from a judgment of the Supreme Court (Travers, J.), entered October 2, 1987 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming respondents Gerard V. Clifford, Eugene Eaton and John E. Sweeney as the Uncle Sam Party candidates for

the offices of Troy City Council, At-Large Districts, in the November 3, 1987 general election.

On August 18, 1987 at 4:21 P.M., an independent nominating petition was filed with the Rensselaer County Board of Elections naming Kevin P. Reilly as the candidate of the "Uncle Sam Party" for the office of Troy City Council, District No. 6 (hereinafter the Reilly petition). At 4:25 P.M. on that same day, another independent nominating petition was filed with the Board of Elections naming respondents Gerard V. Clifford, Eugene Eaton and John E. Sweeney (hereinafter respondents) as the candidates of the "Uncle Sam Party" for the offices of Troy City Council, At-Large Districts (hereinafter the At-Large petition).*

Petitioner, Chairman of the Rensselaer County Democratic Party Committee, commenced the instant proceeding to invalidate the At-Large petition on the ground, *inter alia,* that the petition was violative of Election Law § 6-138 (3). This statute in part requires that the party name selected by an independent body making a nomination shall not include the name or part of the name stated on a previously filed independent nominating petition. Supreme Court credited this argument and determined that the At-Large petition of the "Uncle Sam Party" was a nullity by reason of the previous filing of the Reilly petition which also utilized the name "Uncle Sam Party". This appeal by respondents ensued.

Initially, we agree with Supreme Court's holding that respondents' use of the word "party" in the name "Uncle Sam Party" is not misleading or violative of Election Law § 1-104 (3) so as to warrant invalidation of the At-Large petition on that ground. However, for the reasons that follow, the judgment must be reversed.

The statute in question provides in pertinent part that: "The name selected for the independent body making the nomination * * * shall not include the name or part of the name * * * of a then existing party, or a previously filed independent nominating petition" (Election Law § 6-138 [3]). The purpose of this statute is " 'to prevent all possibility of confusion in the minds of the voters in connection with the election machinery' " *(Matter of Ottinger v Lomenzo,* 35 AD2d 747, *affd* 27 NY2d 754, quoting *Matter of Marcantonio v Heffernan,* 192 Misc 868, 869, *affd* 274 App Div 880, *affd* 298

---

* It appears that another independent nominating petition of the "Uncle Sam Party" was time stamped by the Board of Elections at 4:22 P.M. naming a candidate for the office of Troy City Council, District No. 4.

NY 661; *see, Carey v Chiavaroli,* 97 AD2d 981). In support of his contention that the At-Large petition is rendered invalid because of the prohibition contained in Election Law § 6-138 (3), petitioner's pleadings merely allege the uncontested fact that this petition was time stamped in the Board of Elections at 4:25 P.M. on August 18, 1987, four minutes after the filing of the Reilly petition. It is, therefore, summarily concluded by petitioner that the Reilly petition was a "previously filed independent nominating petition" within the meaning of the statute which barred the subsequent filing of the At-Large petition.

There is no claim that these petitions were filed by different independent bodies or that the acceptance of the At-Large petition would in any way engender confusion at the polls. Nor is there anything in this record to indicate that such would be the case or that the purpose of the statute would in any way be advanced by the invalidation of the At-Large petition. To the contrary, although the record is not fully developed on this point, it appears that three independent nominating petitions of the "Uncle Sam Party" naming candidates for three different offices were delivered to the Board of Elections at the same time. Under such circumstances, and absent a claim of possible voter confusion, the time stamping and thus filing of the Reilly petition first does not preclude the subsequent filing of the At-Large petition.

Because of its reliance on Election Law § 6-138 (3), Supreme Court did not consider petitioner's contention that the At-Large petition contained an insufficient number of valid signatures. The matter must, therefore, be remitted for resolution of this issue.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.